**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**ORANGEBURG DIVISION**

| | |
|---|---|
| ASHOK PATEL and PRAGNABEN PATEL, <br><br> Plaintiffs, <br><br> v. <br><br> JAGDISHKUMAR K. PATEL, BHAGVATIBEN JAGDISH PATEL, SANJAY PRAJAPATI, and VASU PATEL, <br><br> Defendants. | Case No.: 5:23-cv-00514-CMC <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COME NOW** ASHOK PATEL AND PRAGNABEN PATEL, individuals residing in the State of Georgia, and complain of the Defendants as follows:

### INTRODUCTION

1. On or about October 1, 2022, Defendants assaulted and battered Mr. and Mrs. Patel as they were making their way outside of the Hindu Temple and Center, located in Orangeburg, South Carolina. Defendants' intentional acts caused the Plaintiffs to incur extensive medical bills.

### PARTIES

2. Plaintiffs Ashok Patel and Pragnaben Patel are, and at all times mentioned herein were, residents of the State of Georgia and may be served through their undersigned attorney for this matter.

3. Upon information and belief, Defendant Jagdishkumar Patel is a resident of Summerville, South Carolina. He may be served with process at **455 Spectrum Road, Summerville, South Carolina, 29486**.

4. Upon information and belief, Defendant Bhagvatiben Jagdish Patel is a resident

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

of Summerville, South Carolina. He may be served with process at **455 Spectrum Road, Summerville, South Carolina, 29486.**

5. Upon information and belief, Defendant Sanjay Prajapati is a resident of Summerville, South Carolina, and resides at 455 Spectrum Road, Summerville, South Carolina, 29846. He may be served with process at his place of employment, **CITGO Food Mart 10035 US-17 McClellanville, South Carolina, 29458.**

6. Upon information and belief, Defendant Vasu Patel is a resident of Summerville, South Carolina, and resides at 455 Spectrum Road, Summerville, South Carolina, 29846. He may be served with process at his place of employment, **SAI Wholesalers, 119 Fabricators Street, Suite B, Summerville, South Carolina, 29483.**

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiffs and Defendants, and as the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

8. This Court has personal jurisdiction over Defendants as they all, upon information and belief, are residents of South Carolina, and further as they have committed tortious injury within the State of South Carolina (See S.C. Code Ann. § 36-2-803(A)(4)).

9. Venue is appropriate in the Orangeburg Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in said division.

## FACTUAL ALLEGATIONS

10. On or about October 1st, 2022, at approximately 11:00 p.m., the Defendants, acting as a group, assaulted and battered the Plaintiffs.

11. Said assaults and batteries occurred outside the Cultural Hindu Temple and Center, located at 1175 Five Chop Road, Orangeburg, South Carolina, 29115.

12. Law enforcement as well as emergency medical services responded to that location because of the incident and the injuries the plaintiffs sustained resulting from Defendants' actions.

13. These Defendants' tortious actions began when Pragnaben Patel walked outside of the temple to meet Ashok Patel. When Pragnaben Patel made her way outside, she was aggressively confronted by Bhagvatiben Patel, who yelled many nasty profanities.

14. Pragnaben Patel ignored Bhagvatiben Patel. Being ignored escalated Bhagvatiben Patel's aggression toward Pragnaben Patel. Bhagvatiben Patel then "yanked" Pragnaben Patel's hair while attempting to strike Pragnaben Patel with her other hand.

15. At this point, Jagdishkumar Patel then yelled that he was going to kill Ashok Patel.

16. Sanjay Patel then ran toward Ashok Patel and punched Ashok Patel multiple times in Ashok Patel's upper body.

17. During the time Sanjay Patel was punching Ashok Patel, Jagdishkumar Patel also approached and punched Ashok Patel multiple times. During this time, and upon information and belief, Vasu Patel also struck Ashok Patel from behind.

18. In the course of the multiple assaults and batteries Defendant committed to Plaintiffs, Ashok Patel's glasses were knocked off his face and Ashok Patel sustained injuries to his chest, ribs, and stomach.

## COUNT ONE: ASSAULT
### (Against Second Defendant)

19. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full herein.

20. On or about October 1, 2022, the Defendant Bhagvatiben Patel aggressively approached Pragnaben Patel while uttering profanities and shortly thereafter began intentionally "yanking" Pragnaben Patel's hair and attempting to strike Pragnaben Patel with her hand, and such actions did cause Pragnaben Patel to reasonably fear she was going to imminently receive bodily harm.

21. Plaintiff Pragnaben Patel is entitled to recover of Defendant Bhagvatiben Patel all damages available under law caused by this civil assault, including general damages.

22. The civil assault was committed with willful and malicious intent, and with a

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

COMPLAINT – 3 of 9
*Ashok Patel, et. al. v. Jagdishkumar Patel, et. al.*
Civil Action File No.: 9:23-cv-_____-___

conscious indifference to the consequence of said actions. As a result, Plaintiff Pragnaben Patel is entitled to recover punitive damages from Defendant Bhagvatiben Patel in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future.

## COUNT TWO: BATTERY
### (Against Second Defendant)

23. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full herein.

24. On or about October 1, 2022, Defendant Bhagvatiben Patel did inflict an unlawful and unauthorized act of violence upon Plaintiff Pragnaben Patel; to wit: Defendant Bhagvatiben Patel grabbed and pulled Pragnaben Patel's hair whilst attempting to strike Pragnaben Patel with her hand.

25. Defendant Bhagvatiben Patel was acting intentionally in so doing and did inflict an unlawful and unauthorized act of violence upon the body of Plaintiff, Pragnaben Patel.

26. Plaintiff Pragnaben Patel is entitled to recover of Defendant Bhagvatiben Patel all damages available under law caused by this civil assault, including general damages.

27. The assault was committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiff Pragnaben Patel is entitled to recover punitive damages from Defendant Bhagvatiben Patel in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future.

## COUNT THREE: ASSAULT
### (Against First Defendant)

28. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full herein.

29. Defendant Jagdishkumar Patel stated, "I am going to kill you," to Ashok Patel seconds prior to approaching and striking Ashok Patel with his fists; said words and threatening intentional actions of Defendant Jagdishkumar Patel did placed Plaintiff Ashok Patel in

Huggins Peil, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

reasonable fear of receiving imminent bodily harm.

30. Plaintiff Ashok Patel is entitled to recover of Defendant Jagdishkumar Patel all damages available under law caused by this civil assault, including general damages.

31. The assault was committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiff suffered damages, including medical bills that total nearly $30,000 at the present time.

32. Plaintiff Ashok Patel is entitled to recover punitive damages from Defendant Jagdishkumar Patel in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future.

## COUNT FOUR: BATTERY
### (Against First Defendant)

33. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full herein

34. On or about October 1, 2022, Jagdishkumar Patel did intentionally inflict violence upon Plaintiff Ashok Patel; to wit: Defendant Jagdishkumar Patel did use his fists to strike the body of Plaintiff Ashok Patel, said act having been committed unlawfully and without authority to do so.

35. Plaintiff Ashok Patel is entitled to recover of Defendant Jagdishkumar Patel all damages available under law caused by this civil battery, including general damages.

36. The assault was committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiff suffered damages, including medical bills that total nearly $30,000 at the present time.

37. Plaintiff Ashok Patel is entitled to recover punitive damages from Defendant Jagdishkumar Patel in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future.

## COUNT FIVE: BATTERY

**(Against Third Defendant)**

38. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full therein.

39. On or about October 1, 2022, Sanjay Prajapati did intentionally inflict violence upon Plaintiff Ashok Patel; to wit: Defendant Sanjay Prajapati did use his fists to strike the body of Plaintiff Ashok Patel, said act having been committed unlawfully and without authority to do so.

40. Plaintiff Ashok Patel is entitled to recover of Defendant Sanjay Prajapati all damages available under law caused by this civil assault, including general damages.

41. The assault was committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiff suffered damages, including medical bills that total nearly $30,000 at the present time.

42. Plaintiff Ashok Patel is entitled to recover punitive damages from Defendant Sanjay Prajapati in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future.

## COUNT SIX: BATTERY
**(Against Fourth Defendant)**

43. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full therein.

44. On or about October 1, 2022, Defendant Vasu Patel did intentionally inflict violence upon Plaintiff Ashok Patel; to wit: Defendant Sanjay Prajapati did use his fists strike the body of Plaintiff Ashok Patel, said act having been committed unlawfully and without authority to do so.

45. Plaintiff Ashok Patel is entitled to recover of Defendant Vasu Patel all damages available under law caused by this civil battery, including general damages.

46. The battery was committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiff suffered damages, including medical bills that total nearly $30,000 at the present time.

47. Plaintiff Ashok Patel is entitled to recover punitive damages from Defendant Vasu Patel in an amount to be determined by the enlightened conscience of a jury in order to punish and deter her from similar conduct in the future

### COUNT SEVEN: CIVIL CONSPIRACY TO COMMIT ASSAULT AND BATTERY
### (Against All Defendants)

48. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full therein.

49. Upon information and belief, Defendants Jagdishkumar Patel, Bhagvatiben Patel, Sanjay Prajapati, and Vasu Patel did combine to act in concert, support, and in furtherance of the unlawful acts perpetrated against Plaintiffs with the common objective to cause harm to Plaintiffs.

50. These Defendants were acting to intentionally harm the Plaintiffs and in so doing, said conspiracy inflicted intentional, unlawful, and unauthorized acts of violence against Plaintiffs.

51. Plaintiffs are entitled to recover of these Defendants all damages available under law caused by any one or all these Defendants, including general damages.

52. These assaults and batteries were committed with willful and malicious intent and with a conscious indifference to the consequence of said actions. As a result, Plaintiffs are entitled to recover punitive damages from these Defendants in an amount to be determined by the enlightened conscience of a jury in order to punish and deter these Defendants from similar conduct in the future.

### COUNT EIGHT: PUNITIVE DAMAGES

53. Plaintiffs hereby incorporate the allegations set forth in the paragraphs above, as if set forth in full therein.

54. Defendants recklessly and/or willfully caused harm to Plaintiffs in violation of the law.

55. Plaintiffs are entitled to an award of punitive damages in an amount not to exceed the greater of three times the amount of compensatory damages awarded to each Plaintiff, or the

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

COMPLAINT – 7 of 9
*Ashok Patel, et. al. v. Jagdishkumar Patel, et. al.*
Civil Action File No.: 9:23-cv-_____-___

sum of five hundred thousand dollars.

## JURY DEMAND

Plaintiffs, pursuant to Fed. R. Civ. P. 38, hereby demand trial by a jury of six on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court to grant them the following relief against Defendants:

a. **On Count One** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000;

b. **On Count Two** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000

c. **On Count Three** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000

d. **On Count Four** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000

e. **On Count Five** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000

f. **On Count Six** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $108,000

g. **On Count Seven** of their complaint, for damages in a sum according to proof at trial, in excess of $20,000, exclusive of interest and costs, and for punitive damages in a sum $112,000

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

h.  **On Count Eight** of their complaint, for punitive damages in an amount not to exceed the greater of three times the amount of compensatory damages awarded to each Plaintiff, or the sum of five hundred thousand dollars;

i.  For costs incurred herein;

j.  For a trial by a jury of six; and

k.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 6, 2023

**HUGGINS PEIL, LLC**
/s/ Jeffrey F. Peil
Jeffrey F. Peil
SC State Bar No. 102423
U.S. District Court ID No. 12957
jpeil@hugginsfirm.com
7013 Evans Town Center Blvd., Suite 502
Evans, Georgia 30809
Telephone: (706) 210-9063
*Attorney for Plaintiffs*